IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JACK TYLER ENGINEERING COMPANY, INC. a/k/a and d/b/a JACK TYLER ENGINEERING COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 07-2580 STA-dkv |
| TLV CORPORATION, | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant TLV Corporation's Motion to Dismiss, (D.E. # 10), filed on January 18, 2008. Plaintiff Jack Tyler Engineering Company, Inc., responded in opposition on February 18, 2008. (D.E. # 13.) On March 13, 2008, Defendant filed a Reply. (D.E. # 18.) For the reasons set forth below, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff brought the Current action against Defendant alleging unlawful termination of a distributorship agreement. This agreement designated Plaintiff as the exclusive distributor of Defendant's products within a specific geographic territory in Tennessee and Arkansas. After termination of the distributor relationship, Plaintiff filed suit in the Shelby County Circuit Court alleging breach of contract, violation of the Arkansas Franchise Practices Act, Ark. Code Ann. § 4-72-201, et seq. ("AFPA"), violation of the Tennessee Retailer's Act, Tenn. Code Ann. § 425-1301, et seq. ("TRA"), unjust enrichment, and declaratory judgment. Defendant removed the case to this Court, and now moves to dismiss Plaintiff's unjust enrichment claim and claims

under the AFPA.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."[1] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."[2] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation the elements of a cause of action will not do."[3] Thus, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim."[4]

## ANALYSIS

### A. Unjust Enrichment

Defendant argues that Plaintiff's unjust enrichment claim fails as a matter of law due to the existence of an express contract between the parties. As an initial matter, the distributorship agreement specifically states that North Carolina law shall govern the relationship between the

---

[1] *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

[2] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[3] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal quotation marks and citations omitted).

[4] *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir.2003)).

parties. Defendant anticipates that Plaintiff may try to argue that Tennessee, rather than North Carolina, law should apply. Regardless of which law governs, both Tennessee and North Carolina law bar unjust enrichment claims in the presence of an express contract.

A claim of unjust enrichment allows a plaintiff to recover the fair or reasonable value of services rendered to another outside of a contractual relationship.[5] Unjust enrichment is an equitable claim that is based on a quasi or implied contract and does not apply when the parties have entered into an express contract.[6] In other words, a party may only recover under an unjust enrichment theory if there is no contract between the parties or if the contract has become unenforceable or invalid such that the defendant will be unjustly enriched unless the court imposes an obligation.[7] Thus, when an express contract exists between the parties, there can be no claim for unjust enrichment.[8]

Plaintiff concedes that it cannot recover based on both unjust enrichment and breach of contract, but asserts that because the parties have yet to engage in discovery, Plaintiff should be allowed to allege alternative theories of relief. Plaintiff asserts that because it has not yet had the opportunity to conduct discovery it has yet to determine whether its proper course of relief lies with its contractual claim or quasi-contractual claim. Therefore, according to Plaintiff, the

---

[5] *Doe v. HCA Health Serv. of Tennessee, Inc.*, 46 S.W.3d 191, 198 (Tenn. 2001); *Whitfield v. Gilchrist,* 497 S.E.2d 412, 414 (N.C. 1998).

[6] *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1998); *Atl. and E. Carolina Ry. Co. v. Wheatly Oil Co.*, 594 S.E.2d 425, 429 (N.C. Ct. App. 2004). The law is the same in Tennessee. *See, e.g., Swafford v. Harris*, 967 S.W.2d 319, 324 (Tenn. 1998); *Scandlyn v. McDill Columbus Corp.*, 895 S.W.2d 342, 349 (Tenn. Ct. App. 1994).

[7] *Doe*, 46 S.W.3d at 197; *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154–55 (Tenn. 1966).

[8] *Wheatly Oil Co.*, 594 S.E.2d at 429 (citing *Delta Env'tl. Consultants, Inc. v. Wysong & Miles Co.*, 510 S.E.2d 690, 694 (N.C. Ct. App. 1999). *See also Arena v. Schulman, LeRoy & Bennett*, 233 S.W.3d 809, 815 (Tenn. Ct. App. 2006).

proper time for determining whether the claim should proceed under a breach of contract or unjust enrichment theory is after proper discovery is completed, and if it is determined that the contract claim covers, the Court could dismiss the unjust enrichment claim through summary judgment.

Defendant, on the other hand, argues that when both parties admit that a contract controls, alternative pleading of an unjust enrichment claim is not appropriate. Defendant points out that neither Plaintiff nor Defendant have asserted that the distributorship agreement is unenforceable or does not govern some aspect of the relationship between Plaintiff and Defendant such that an unjust enrichment claim would be appropriate. Thus, according to Defendant, there is nothing to "discover" on this point.

Defendant also argues that dismissing the claim now will save both parties a significant amount of time and effort in discovery. Because an unjust enrichment claim allows a plaintiff to recover the fair value of services provided, the parties would be required to engage in discovery to determine the alleged fair value of the services Plaintiff provided to Defendant. Defendant points out that this discovery would be wasted because both parties fully acknowledge and have admitted in the pleadings that the distributorship agreement controls and would govern any damages awarded to either party. Thus, when both parties agree that an express contract controls, a plaintiff cannot alternatively claim unjust enrichment.

To illustrate this principle, Defendants point to the case of *Ruggles v. Bulkmatic Transport Co.*[9] In the *Ruggles* case, the plaintiff admitted the existence of a contract, but also

---

[9] 2004 WL 5376213 (S.D. Ohio 2004).

attempted to make out a claim of unjust enrichment.[10]  In granting the defendant's motion to dismiss, the *Ruggles* court held that because the parties acknowledged in the pleadings that an express contract controlled, the plaintiff could not alternatively claim unjust enrichment.[11]

In this case, both parties admit that the distributorship agreement controls the relationship between the parties.  Plaintiff does not contend that the agreement may be unenforceable or may not govern some aspect of its relationship with Defendant.  Nor does Defendant dispute in any way that the distributorship agreement controls or is enforceable.  Because there is an express contract between the parties, Plaintiff's claim for unjust enrichment cannot stand, and Defendant's Motion to Dismiss this claim is **GRANTED**.

## B.  Arkansas Franchise Protection Act

Defendant also asserts that Plaintiff's claim under the AFPA fails as a matter of law because the distributorship agreement did not contemplate or require Plaintiff to establish or maintain a place of business within Arkansas.  Under Arkansas law, the AFPA applies when the agreement contemplates or requires the franchise to establish or maintain a place of business within the state of Arkansas.[12]  The AFPA defines "place of business" as "a fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods . . . ."[13]

### 1.  Contemplate or Require a Place of Business in Arkansas

Plaintiff asserts that the agreement between Plaintiff and Defendant did contemplate

---

[10]   *Id.* at *5.

[11]   *Id.* at *6.

[12]   Ark. Code Ann. § 4-72-203 (2008).

[13]   Ark. Code Ann. § 4-72-202(6) (2008).

5

Plaintiff establishing or maintaining a place of business within Arkansas. To support this position, Plaintiff cites to *South Beach Beverage Company, Inc. v. Harris Brands, Inc.*,[14] and *Dr. Pepper Bottling Co. of Paragould v. Frantz*.[15] In the *South Beach* case, the manufacturer suggested to the distributor, who operated out of Oklahoma, that he set up a place of business in Arkansas.[16] The distributor plaintiff began making arrangements for an office in Arkansas, but had not completed these arrangements when the defendant terminated the franchise.[17] The court determined that, because the defendant was aware of the plaintiff's plans, the agreement contemplated the establishment of an Arkansas location.[18] In the *Dr. Pepper* case, the defendant argued that the AFPA did not apply because the agreement between the parties did not obligate the franchisee to maintain a particular place of business in Arkansas.[19] The court determined that the facts before it showed that the distributor was required by contract to service retail outlets in eleven counties with six vehicles, and therefore, was required by necessity, and did, have a place of business in Arkansas.[20]

The present case is distinguishable from the cases cited by Plaintiff. In this case, there are no allegations that Defendant suggested to Plaintiff that it set up a place of business in Arkansas, or any indication that Plaintiff actually did so. Likewise there is no indication that the

---

[14] 138 S.W.3d 102 (Ark. 2003).

[15] 842 S.W.2d 37 (Ark. 1992).

[16] *South Beach Beverage Company, Inc. v. Harris Brands, Inc.*, 138 S.W.3d at 106.

[17] *Id.* at 104.

[18] *Id.* at 106.

[19] *Dr. Pepper Bottling Co. of Paragould v. Frantz*, 842 S.W.2d 37, 39 (Ark. 1992).

[20] 842 S.W.2d at 40.

parties contemplated Plaintiff having a place of business in Arkansas due to necessity. Furthermore, Plaintiff does not contend that it has a place of business in Arkansas. Thus, the Court finds that the AFPA does not apply, and Defendant's Motion to dismiss is **GRANTED.**

## 2. Collateral Estoppel

Furthermore, Defendant asserts that Plaintiff is collaterally estopped from arguing that it has a place of business in Arkansas because it has already litigated and lost on this issue in another case. Under the doctrine of collateral estoppel, an issue that is actually and necessarily determined "is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."[21] A party is collaterally estopped from relitigating an issue when

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.[22]

Defendant argues that Plaintiff is collaterally estopped from asserting that it has a place of business in Arkansas and is entitled to the protections of the AFPA. In another case in this District involving this same Plaintiff (the "*SPX* case"), the court found that Plaintiff's AFPA claim could not stand because Plaintiff had not shown that it had a place of business in Arkansas.[23] Defendant asserts that the issue in this case and the *SPX* case are identical in that in both suits, Plaintiff contends that it maintained a place of business in Arkansas and therefore was

---

[21] *Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).

[22] *Id.*

[23] *Jack Tyler Eng'g Co., Inc. v. SPX Corporation, et al.*, 06-2776-BBD-tmp (D.E. # 59, at p. 11)

7

entitled to the protections of the AFPA.  Defendant states that Plaintiff actually litigated this issue in the *SPX* case, and the court resolved it on summary judgment.  Defendant also notes that the issue of whether Plaintiff had a place of business in Arkansas was necessary and essential to a judgment on the merits regarding the AFPA claim.  Thus, Defendant asserts, Plaintiff is collaterally estopped from contending that it maintained a physical location in Arkansas from which it conducted business.

Plaintiff, on the other hand, asserts that collateral estoppel does not apply in this situation because the issue in the current action and the prior action are not identical.  Plaintiff argues that this case is different from the *SPX* case because in this case Plaintiff offered for sale Defendant's products from a physical location in Arkansas while in the *SPX* case, the agreement at issue did not appoint Plaintiff as a distributor of that defendant's products in Arkansas.  Plaintiff states that it included an AFPA cause of action in the *SPX* case because, at the time the agreement was signed, Plaintiff was an Arkansas corporation with an office in Arkansas.  Plaintiff characterizes the issue in the *SPX* case as whether the agreement contemplated a place of business to distribute the defendant's products in Arkansas even though the agreement did not allow Plaintiff to distribute products in Arkansas.  Here, Plaintiff says the issue different because Plaintiff was the exclusive distributor of Defendant's goods over a large portion of the state of Arkansas, and the Complaint specifically included facts that the agreement contemplated a place of business in Arkansas.  Thus, Plaintiff argues that collateral estoppel should not apply.

The Court finds that the issue in the current case and the *SPX* case are the same, and Plaintiff is collaterally estopped from asserting that it had a place of business in Arkansas.  In the *SPX* case, the court stated that "the critical issue under the AFPA [is] whether [Plaintiff] had a

place of business in Arkansas."[24] The court found that it did not. Thus, Plaintiff is collaterally estopped from asserting that it had a place of business in Arkansas and its claims under the AFPA cannot stand. Defendant's Motion to Dismiss Plaintiff's AFPA claims is **GRANTED**.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Counts Two and Four of Plaintiff's Complaint is **GRANTED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 31st, 2008.

---

[24] *Id.*